[Crim. No. 7825. Second Dist., Div. Three. Jan. 5, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. MILTON SMITH et al., Defendants and Appellants.

Milton Smith and Melvin Johnson, in pro. per., for Defendants and Appellants.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman Gregory Taylor, Deputy Attorney General, for Plaintiff and Respondent.

THE COURT.—By indictment, Melvin Johnson was accused in Counts I and III, and Milton Smith in Count II, of selling and furnishing heroin. "John Doe Casey" was jointly accused in Counts I and II. Smith was charged with two prior felonies and Johnson with one, namely, violation of federal narcotic law. Both defendants were represented by counsel; however, at the conclusion of the prosecution's case, Smith asked that the public defender be relieved as his counsel. He represented himself until the probation and sentence hearing, when the public defender was reinstated as his counsel.

A jury trial was duly waived as to offenses charged and the prior convictions, and by stipulation the cause was submitted on the evidence introduced before the Grand Jury, with the right to offer additional evidence.

Smith and Johnson were tried separately. Smith moved to set aside his waiver of a jury trial. No reason for the request was stated, except that he had changed his mind. The motion was denied. Additional evidence was introduced by the prosecution and the defendants.

The court found each defendant guilty as charged and the allegations as to prior convictions were found to be true. Motions for a new trial were denied, as was probation. Each defendant was sentenced to state prison. Smith appeals from the judgment and Johnson appeals from the judgment and the order denying probation. Both defendants applied for counsel on their appeals. We read the records, determined that the appeals were wholly without merit, as will hereafter appear, and denied the applications. Defendants have filed briefs.

 Although there are separate appeals, they will be disposed of in a single opinion. First to be considered is the appeal of Smith. On October 5, 1960, Officer Hariston and Eddie Pier met Milton Smith. Pier asked Smith where he and Hariston could get some "stuff," which they all understood to mean heroin. Smith stated that he knew a guy who had some. They drove to Walton Place in Los Angeles, where Smith had a conversation with one Casey. Smith reported to Hariston and Pier that Casey was going to get some for them. He told Hariston to drive around the corner. Approximately 10 minutes later Casey came to the passenger side of the car.

Hariston gave Pier some money, which Pier gave to Casey, in return for which Casey gave the heroin to Pier who received it and gave it to the officer.

On October 20, 1960, Officer Hariston and Eddie Pier again encountered Smith. He got into Hariston's car and the officer asked him if he could get any "stuff." Smith answered that he could. They drove to South Kenwood Avenue where Smith said: "Here comes the guy. How many do you want?" Hariston told defendant to get him two. He handed Smith some money, Smith got out of the car, walked over to the person and walked away with him. Approximately 10 minutes later Smith returned and handed two capsules of heroin to the officer.

Smith did not testify. Pier testified that he did not remember having seen any narcotic transaction between Hariston and Smith.

Smith's argument of insufficiency of the evidence is manifestly unsustainable. The record does not sustain his contention that he was improperly brought to trial more than 60 days after return of the indictment. He consented to a continuance beyond the 60-day period. None of his arguments merit special consideration.

### Appeal of Johnson

 On October 13, 1960, Officer Hariston and Pier met Melvin Johnson, who was also known as "Cat." There was a short conversation and Johnson got into the officers' car. He stated: "Man, I'm sick. I know two or three guys where we can get some caps. Let's drive over to 29th. . . ." They drove to several places, but defendant could not find the person for whom he was looking. At defendant's suggestion they returned to the place where they had first met, and there encountered Casey. Johnson called to Casey, who entered the car. Hariston asked him, "What do you have, three-dollar caps?" Casey stated that he had. Both Hariston and Johnson told Casey that the officer wanted three; Hariston gave defendant some money and he gave it to Casey for three caps of heroin which defendant then handed to the officer. After Johnson's arrest in the early part of November he told Officers Hariston, Grannon and Walker that he was only getting the "caps" for himself, Hariston and Pier and that the "caps" did not belong to him.

Johnson testified that he did not touch the money or the heroin, but that Hariston gave the money and received the

heroin directly from Casey. Johnson's wife testified that she was with her husband in the officer's car and that her husband did not receive money from, nor did he hand a narcotic to the officer. Hariston testified that defendant's wife was only present at the day of the arrest, not on the day of the narcotic transaction.

In support of Johnson's motion for a new trial, he filed the affidavit of Eddie Pier which stated that he was with Hariston on the day of the transaction with Johnson and that the defendant's wife was also present in the car.

No cause was shown for granting a new trial.

The judgment against Smith is affirmed. The purported appeal by Johnson from the denial of probation is dismissed. The judgment against him is affirmed.

A petition for a rehearing was denied January 17, 1962, and the petition of appellant Milton Smith for a hearing by the Supreme Court was denied February 28, 1962.